THE BALTIMORE & OHIO RD. CO. *v.* ROUDEBUSH.

(Decided June 2, 1930.)

*Messrs. Waite, Schindel & Bayless* and *Mr. Herbert Shaffer,* for plaintiff in error.

*Mr. Allen C. Roudebush,* for defendant in error.

CUSHING, P. J. James Roudebush brought an action in the court of common pleas of Hamilton county against the Baltimore & Ohio Railroad Company to recover damages for the destruction of his automobile, caused by said automobile being struck by a train of the defendant company at a grade crossing.

The jury returned a verdict in favor of the plaintiff for the amount prayed for in the petition. The railroad company prosecutes error to this court from the judgment entered on that verdict.

Plaintiff alleged in his petition that he was driving his automobile east on Sharon avenue, through the village of Glendale, Ohio, at about 11:30 p. m., May 30, 1927.

The petition charged the defendant was negligent in its failure to maintain a warning sign of the presence of said railroad crossing, and in its failure to maintain gates, or a watchman, or to in any way give notice to travelers on said highway of the presence of said railroad crossing. Plaintiff alleged that he was unfamiliar with the highway, and did not know that the railroad crossed Sharon avenue in the village of Glendale.

The petition further charged the defendant with negligence in its operation of the train, contrary to the ordinances of the village of Glendale with reference to the speed of locomotives.

Plaintiff prayed for judgment in the sum of $800.

The answer of the defendant admitted that there was a collision at the time set out in the petition, and denied generally any negligence on its part in causing the collision. The answer charged the plain-

tiff with negligence in the manner of operating his automobile, and in his failure to stop, look, and listen before driving his automobile upon said railroad tracks, and alleged that the plaintiff was driving his car at the time of the collision, a dark night, with the headlights dimmed thereon.

At the close of plaintiff's testimony the plaintiff withdrew his charge of negligence with reference to the railroad company's violation of the village ordinance relative to the speed of locomotives.

The question as to whether the headlights of the automobile were on dim or bright was not clearly established by the evidence. It therefore resolved itself into a question of fact, purely for the determination of the jury.

The evidence developed the following facts: That there is a series of tracks at this crossing; that the train was a freight train, consisting of more than ninety cars, traveling at a rate of 25 miles an hour; that there was a slight bend in the tracks some 600 feet north of the Sharon avenue crossing; that after the train rounded this bend the headlights of the locomotive shone down the tracks for a distance of 1,000 feet; that the engineer blew a signal for a station when he was a mile away from the Sharon avenue crossing, and that when he was some 600 feet away he blew a crossing signal, consisting of two long and two short whistles; that after Roudebush saw the track, or must have seen the headlights of the locomotive, he attempted to stop his car, with the result that it stopped just after the front portion of the car had passed over the west rail of the southbound track; that Roudebush and the other occupant

of the automobile got out, and the train struck the automobile, completely destroying it.

Section 8852, General Code (Section 3323, Revised Statutes), provides:

"At all points where its road crosses a public road, at a sufficient elevation from such public road to admit of the free passage of vehicles of every kind, each company shall erect a sign, with large and distinct letters placed thereon, to give notice of the proximity of the railroad, and warn persons to be on the lookout for the locomotive. A company which neglects or refuses to comply with this provision shall be liable in damages for all injuries which occur to persons or property from such neglect or refusal."

The evidence clearly establishes the fact that there was no warning sign, as required by Section 8852, General Code, west of the railroad crossing; nor was there anything to warn people traveling east on Sharon Avenue of the existence or location of the railroad crossing. The only warning sign that was maintained by the railroad company at this crossing was on the east side of the track, some distance from it, and on the left-hand side of the highway.

In the case of *Baltimore & Ohio Rd. Co.* v. *Reeves* (C. C. A.), 10 F. (2d), 329, 332, the court discussed the question of the failure of the railroad company to comply with Section 8852, General Code. In the opinion, the court said:

"This statute is an old one; * * *. At the same time, it must be interpreted and applied to present conditions as well as may be, according to its spirit. Its spirit requires a sign which shall give fair warning to reasonably attentive drivers at some distance

away that they are about to cross a railroad. A literal if not substantial compliance with the statute might be sufficiently effective, if accompanied by the now common additional warnings, erected either by the railroad or by highway authorities, upon the right side of and close to the pavement, some 300 feet from the track; but the record does not show any such warning sign in this case. The only sign which did exist is said to be the old-time customary one. * * * It projected about 5 or 6 feet toward the highway, and, as Reeves was approaching, was upon his left side and beyond the railroad track. * * *

"We think it was open for the jury to find that there was no such sign as the statute requires, when properly interpreted and applied to existing common conditions, of which we take notice."

In the case under consideration we have the same situation with reference to the warning sign. The sign maintained by the railroad company was on the opposite side of the highway, and beyond the tracks, as one traveled east on the highway. Therefore the railroad company failed to comply with the statute in question.

The question of contributory negligence was submitted to the jury. It returned a general verdict in favor of Roudebush. The jury, therefore, must have found that the railroad company was guilty of negligence in not maintaining a warning sign west of the railroad crossing. Therefore, the judgment of the court of common pleas, based upon a general verdict, must be affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.